# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

          Plaintiff,    :    Case No. 3:21-cr-109
                                Civil Case No. 3:23-cv-00092

                                District Judge Michael J. Newman
- vs -                           Magistrate Judge Michael R. Merz

AARON SPENCER DOAKES,

          Defendant.    :

## REPORT AND RECOMMENDATIONS

This case is before the Court for decision of Defendant's Motion to Vacate (ECF No. 69). On District Judge Newman's Order (ECF No. 70), the United States has filed a Response (ECF No. 73) and Defendant has filed a Reply (ECF No. 75). Defendant also filed an amendment (ECF No. 71). The Motion to Vacate was recently referred to the undersigned under Amended General Order 22-05 (ECF No. 76).

**Litigation History**

Defendant was arrested June 21, 2021, on a charge of being a felon in possession of a firearm (ECF No. 1). At initial appearance he was represented by appointed counsel from the Federal Public Defender's Office (Minutes, June 25, 2021). On June 25, 2021, the United States

1

filed an Amended Complaint adding a charge of possessing cocaine with intent to distribute (ECF No. 11). A Second Amended Complaint added another felon in possession count (ECF No. 16). Defendant then substituted retained counsel and waived indictment (ECF Nos. 18 and 20). The United States then filed an Information charging only one count of being a felon in possession (ECF No. 29).

On October 13, 2021, Defendant tendered a plea of guilty to Magistrate Judge Peter Silvain pursuant to a written Plea Agreement filed the next day (ECF No. 32). Judge Silvain filed a Report and Recommendations recommending the plea be accepted (ECF No. 35) which Judge Newman adopted in the absence of any objections (ECF No. 38). On April 21, 2022, Judge Newman overruled Defendant's objections to the Presentence Investigation Report and sentenced Defendant to 100 months imprisonment, a term of supervised release, and forfeiture of firearms and ammunition, a sentence within the calculated Guideline range (Minutes of April 21, 2022; Judgment, ECF No. 59). Defendant took no appeal (See ¶ 8 of ECF No. 69), but filed the instant Motion to Vacate on March 27, 2023 (ECF No. 69).

## Analysis

In Ground One of his Motion, Defendant claims he received ineffective assistance of trial counsel when his trial attorney, L. Patrick Mulligan, did not object to the inclusion of points for minor misdemeanor marijuana offenses in his Guidelines Sentencing calculation. In Ground Two he re-phrases the same claim, saying that a reduction of two points would have put him at the low end of criminal history category five. There is no Ground Three, but in the Supplemental Motion labeled as Ground Four, Defendant again claims ineffective assistance of trial counsel when Mr.

2

Mulligan did not object to inclusion in the Guideline calculation of a marijuana charge that had been dismissed as a result of his pleading guilty to a crack cocaine charge.

A review of the final Presentence Investigation Report reveals the following relevant assessments of criminal history points for marijuana possession:

¶ 41   June 2, 2004 Possession of marijuana at age 15 – no points assessed.

¶ 57   July 18, 2011 Possession of marijuana at age 22 – 1 point assessed

¶ 62   October 1, 2018 Attempted aggravated possession of drugs including marijuana at age 30 – 1 point assessed

¶ 65   February 8, 2020 Possession of marijuana at age 31 – 1 point assessed

Attorney Mulligan objected to the assessments in ¶¶ 57, 62, and 65 on the grounds that they overstated Doakes criminal history (Objections, ECF No. 43, PageID 172).  Judge Newman overruled those objections on the record during the sentencing hearing, stating

> Mr. Doakes next argues in his second objection that the PSR overstates his criminal history by adding points for his 2007 Felony Assault conviction and three minor misdemeanor convictions that involve marijuana; and those objections are -- that second objection is set forth at Document Number 43, PageID 171 to 72.
>
> The calculation of Defendant's Criminal History Category begins by adding the number of points attributable to each prior sentence as listed in United States Sentencing Guidelines Section 4A1.1.  For that, the Court cites *United States v. Tanner*, 837 F.3d 596 at page 600, a Sixth Circuit case from 2016; and *United States v. Foster,* 832 F. Federal Appendix 401 at page 405, a Sixth Circuit case from 2020.
>
> Quote, the term prior sentence means any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of nolo contendere, for conduct not part of the instant offense; and that's a quote from United States Sentencing Guidelines Section 4A1.2(a)(1).

Quote, this includes all felony sentences and all misdemeanor offenses, unless an exception for a specific misdemeanor offense applies under United States Sentencing Guidelines 4A1.2(c), and that's a quote from the *Foster* case, 832 Federal Appendix at page 405.

In the present case, the PSR sets Mr. Doakes' total Criminal History Points at 12, placing him in a Criminal History Category of Roman Numeral V. That's set forth at Document Number 40, PageID 152. This sum resulted from Mr. Doakes' history of offenses under Ohio Law: Three points for a felon – felony Having a Weapon Under Disability in 2007, and that's page 54 of the PSR; three points for Felony Assault in 2007. That's page 55 -- it's paragraph. I'm sorry -- paragraph 54 of the PSR. And that's from paragraph 55 of the PSR -- forgive me.  Three points for an Aggravated Assault in 2013. That's paragraph 60 of the PSR; and three points -- one point each for three separate minor misdemeanor marijuana offenses; and that's from the PSR paragraphs 57, 62, and 65.

Mr. Doakes contends that the PSR overstates his criminal history by assessing three points for Felonious Assault in 2007 -- as I've just noted -- and also three minor misdemeanor marijuana offenses, and he sets those -- that objection in Document Number 43, PageID 172; and the Court also notes Document 40 at PageID 143 to 151.

Mr. Doakes seeks an adjustment at sentencing reflecting the overstatement of his criminal history. The Government -- and that's a quote from Document 43 PageID 172.

The Government agrees with the PSR's calculation of Mr. Doakes' Criminal History Points and Category; and contends, contrary to Mr. Doakes, that neither a downward departure nor a variance is warranted in this particular case.

\* \* \*

As to Mr. Doakes' prior State marijuana offenses, the PSR does not err by including them in the calculation of his Criminal History Points. To that -- in that regard the Court cites *United States v.*

4

> *Tatum,* 743 Federal Appendix 589 at pages 592 to 93, a Sixth Circuit case from 2018.
>
> Mr. Doakes' current counsel incorrectly notes that the PSR assessed Mr. Doakes six Criminal History Points on minor mister -- minor misdemeanor marijuana convictions, but the PSR actually assessed Mr. Doakes' three points for those convictions. Bear with me for a second.
>
> Additionally, Mr. Doakes does not cite to any case that finds error in the inclusion of minor misdemeanor marijuana convictions or sentences when assessing a Defendant's Criminal History Points or Category. For these reasons, the Court will also overrule Mr. Doakes' objection number two.

(Transcript, ECF No. 68, PageID 267-71).

Doakes did not appeal and the record does not indicate any expression of an intention on his part to appeal which would have triggered appointment of counsel if he could not afford appellate counsel. Thus he forfeited any opportunity to have the Sixth Circuit rule on whether his marijuana convictions were properly included in the Guideline calculation. Judge Newman's determination that they were properly included stands as the law of the case.

The record also shows Attorney Mulligan objected to the inclusion of those convictions, although the Objections did not include any law contrary to that cited by Judge Newman. Examination of the final PSR also rebuts Doakes' claim that he was assessed a point for the conviction when he was fifteen.

The governing standard for ineffective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the

5

>Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687.  In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice.  *Berghuis v. Thompkins,* 560 U.S. 370, 389 (2010), *citing Knowles v. Mirzayance,* 556 U.S.111 (2009).

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

>Judicial scrutiny of counsel's performance must be highly deferential. . . .  A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.  Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance;  that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

>The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694.  *See also Darden v. Wainwright*, 477 U.S. 168, 184 (1986), *citing Strickland, supra.*; *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998), *citing Strickland, supra*; *Blackburn v. Foltz*, 828 F.2d 1177, 1180 (6th Cir. 1987), *quoting Strickland,* 466 U.S. at 687. "The likelihood of

6

a different result must be substantial, not just conceivable." *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011), *quoting Harrington v. Richter*, 562 U.S. 86, 111-12 (2011).

> In assessing prejudice under *Strickland*, the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently. See *Wong v. Belmontes*, 558 U.S. 15, 27, 130 S. Ct. 383, 175 L. Ed. 2d 328 (2009) (per curiam); *Strickland*, 466 U.S., at 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674. Instead, *Strickland* asks whether it is "reasonably likely" the result would have been different. Id., at 696, 104 S. Ct. 2052, 80 L. Ed. 2d 674. This does not require a showing that counsel's actions "more likely than not altered the outcome," but the difference between *Strickland's* prejudice standard and a more-probable-than-not standard is slight and matters "only in the rarest case." *Id*., at 693, 697, 104 S. Ct. 2052, 80 L. Ed. 2d 674. The likelihood of a different result must be substantial, not just conceivable. *Id*., at 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674.

*Harrington v. Richter*, 562 U.S. 86, 111-112 (2011).

Defendant has failed to show that any aspect of Attorney Mulligan's performance was deficient in the sense of failing to raise an objection to the Final Report which should have been accepted by Judge Newman. In light of Judge Newman's determination that all of the misdemeanor marijuana points were properly assessed, Defendant has failed to show any prejudice arising from the way in which Attorney Mulligan formulated the Objections.

In his Reply, Defendant argued that these three misdemeanor charges were dismissed in return for his pleading to a felony charge (ECF No. 75, PageID 406). That claim is not supported by the record. The final PSR shows all three of these as convictions and Doakes has presented no evidence to the contrary.

Doakes also claims these convictions had "expired" in that they were more than ten years old. U.S.S.G. § 4A1.1 (c) excludes "a sentence imposed more than ten years prior to the

7

defendant's commencement of the instant offense." But none of the assessed points was from a conviction more than ten years old when Doakes committed the offense in suit.

There is no need for an evidentiary hearing in this matter because the record conclusively refutes Defendant's claim that he was improperly assessed criminal history points.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Motion to Vacate be denied with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

March 21, 2024.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge